| | THE CITY OF NEW YORK | DAVID M. HAZAN |
|---|---|---|
| MICHAEL A. CARDOZO<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | *Assistant Corporation Counsel*<br>Room 3-186<br>Telephone: (212) 788-8084<br>Facsimile: (212) 788-9776<br>dhazan@law.nyc.gov |

June 12, 2008

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-13-08
```

**VIA FACSIMILE (212) 805-7901**
Honorable Harold Baer
United States District Judge, SDNY
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re: <u>Ramon De Antonio Smart v. Police Officer Matthews, et al.</u>, 08 Civ. 2203 (HB)

Your Honor:

    I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department assigned to oversee Assistant Corporation Counsel Philip Frank's cases while he is out of the office. Assistant Corporation Counsel Philip Frank is assigned to the defense of the above-referenced matter on behalf of defendants New York City Police Department ("NYPD"), Daniel Matthews, and Jeffrey Filizzola, but he is out of the country until June 19, 2008.[1] In that capacity, I write in opposition to plaintiff's application, dated May 30, 2008, seeking an order pursuant to Rule 37 of the Federal Rules of Civil Procedure compelling defendants to respond to plaintiff's interrogatories and produce the identities of the John and Jane Doe defendants. For the reasons set forth below, defendants respectfully request that the Court permit defendants to respond to plaintiff's interrogatories and to provide him with the names of witness police officers, on or before June 23, 2008.

    As an initial matter, plaintiff's assertion that at the initial conference on May 22, 2008, defendants agreed to respond to plaintiff's interrogatories on or before May 29, 2008 is incorrect. Rather, it was defendants position at said conference that defendants would respond to plaintiff's interrogatories on or before June 23, 2008, thirty days after the date discovery began. As background, plaintiff initially attempted to serve defendants with interrogatories on or about

---

[1] Upon information and belief, the individuals named in the caption the "City of New York" and the "New York City Police Department 43rd Precinct" have not yet been served with process.

April 23, 2008 above Docket and before any defendants were joined as parties in this action. This office returned plaintiff's first set of interrogatories to plaintiff and advised him that discovery had not yet begun and that defendants would respond to plaintiff's interrogatories if they were properly served during discovery. Thereafter, at the initial conference defendants explained to the Court that it was defendants' position that plaintiff had not properly served defendants with interrogatories. Despite plaintiff's untimely service of the interrogatories, defendants agreed to respond to the interrogatories on or before June 23, 2008, thirty days after discovery began. For these reasons, defendants respectfully request that the Court permit defendants to respond to plaintiff's interrogatories on or before June 23, 2008

Second, plaintiff correctly states that at the initial conference held on May 22, 2008, defendants agreed to provide plaintiff with the names of any witness police officers, on or before May 29, 2008. Due to an oversight, this office concedes that, to date, it has not provided plaintiff with the names of witness officers. Importantly, defendants have no objection to providing the names of witness officers to plaintiff. However, Philip Frank, the Assistant Corporation Counsel assigned to this matter will be out of the office until June 19, 2008. Accordingly, defendants respectfully request that the Court permit defendants to provide the requested information to plaintiff on or before June 23, 2008.

I would like to assure the Court that we are attempting to move forward in this litigation as expeditiously as possible and this office apologizes for not producing the names of witness officers on or before May 22, 2008. However, for the reasons set forth above, defendants respectfully request that the Court permit defendants to respond to plaintiff's interrogatories and to provide him with the names of witness police officers, on or before June 23, 2008.

I thank the Court for its consideration herein.

Respectfully submitted,

David M. Hazan

David M. Hazan (DH-8611)
Assistant Corporation Counsel
Special Federal Litigation Division

cc: Via First Class Mail
Ramon De Antonio Smart
59238-054
M.D.C. Brooklyn
100 29th Street
Brooklyn, NY 11232

The motion is denied — on condition that all requested [material] be produced on or before 6/23. This office is [small] enough to [get the] assigned [assistant] ... documents ...

SO ORDERED:
Harold Baer, Jr., U.S.D.J.
Date: 6/13/08

Endorsement:

The motion is denied - on condition that all requested information is produced on or before June 23rd. Your office is big enough and this file small enough to have had the wherewithal to get the requested materials without the assigned assistant having to do it. The Plaintiff is instructed to communicate with Chambers if the requested documents are NOT produced timely and during business hours.